PALMER *against* HICKS.

IN error, on *certiorari.* *Hicks*, as supervisor of the town of *Flushing*, in *Queens* county, brought an action of debt, against *Palmer*, the plaintiff in error, and two others, for the penalty of ten dollars, for an offence against the rules and regulations of the town of *Flushing*, made by the freeholders and inhabitants of the town, assembled in town-meeting pursuant to the act. (Vol. 1. p. 338. 24 sess. c. 78. s. 11.) The regulation in question was made in *April*, 1808, by which it was ordered that no person should be allowed to rake clams within the boundary line of *Flushing*, running from *Wicke's* point to *Wilkin's*, after the 20th *April*, 1808, under the penalty of ten dollars for each offence; one half to the poor of the town, and the other half to the informer. The plaintiff below averred, that the place where the raking of clams

An act extending the bounds of a town over the adjacent navigable waters, does not thereby grant the land covered by the water, to the town; but is merely for the purposes of civil and criminal jurisdiction.

A grant of lands under navigable waters to the owners of the adjacent soil, is not presumed without evidence of long exclusive possession and use, to warrant such a presumption.

was thus prohibited, was in the town of *Flushing*, and called *Little Neck Bay*; and was the common property of the freeholders and inhabitants of the town; and that *Palmer*, the plaintiff in error, on the 25th *June*, 1808, did rake clams, within the bounds above mentioned, whereby an action had accrued, &c.

The plaintiff below produced an authenticated copy of the rule or regulation, and proved that *Palmer* raked clams in *Little Neck Bay*, within the boundary line of *Flushing*, after the 1st *June*, 1809, and within the place above decided.

The defendant below admitted that he had raked clams in the place mentioned, but denied the right and power of the town of *Flushing* to prohibit any person from catching clams below the ordinary low water mark. He did not plead any title, or demand any proof of the authority of the town : and the justice, thereupon, gave judgment for the plaintiff.

It was admitted, that the place where the clams were raked by the plaintiff in error, was within the limits of the town of *Flushing*, and below the ordinary low water mark, in *Little Neck Bay*, which communicates with the *East River* or *Sound*.

*R. Riker*, for the plaintiff in error, stated two objections.  1. That the town of *Flushing* had no right to pass a law to regulate the raking of clams.

2. That if it had such right, it could not be exercised below the ordinary low water mark.

He cited *Act* 24 sess. c. 78. s. 11.  (*Rev. Laws*, vol. 1. p. 331.) and c. 123. s. 2.  (*Laws*, vol. 2. p. 2.) as to the bounds of *Queens* county ; *Harg. Law Tracts*, 11, 12.  5 *Bac. Abr. Prerog.* 498. (B. 3.)  6 *Mod.* 73.  4 *Burr.* 2162.  *Davie's Rep.* 149.

*Baldwin*, contra, cited 5 *Bac. Abr.* 498. the *note*, as to a several fishery in an arm of the sea.

3

*Per Curiam.* The town of *Flushing* must show a right of property to the lands below low water mark, in the bay, on the *Sound,* in order to entitle them to make rules to regulate the use of those lands. We will not presume a grant of lands under navigable waters, to the owners of the adjacent soil, without evidence of long exclusive possession and use, to warrant such presumption. No grant has been shown, nor was any fact proved, from which a grant was to be presumed.

The act, extending the bounds of the town over the bay, and into the *Sound* or *East River,* so as to include the islands southward of the main channel, was merely for the purpose of jurisdiction, and is no evidence of a grant of property in the soil covered by the water. All the ground under the navigable waters of the *Hudson* river, is within the boundaries of some town, for the purposes of civil and criminal jurisdiction; but it does not follow that the lands under the water, belong to the towns situated on the river. The judgment below must be reversed.