UTICA,
October, 1822.

BRIGGS
v.
THOMPSON.

which might have been obviated, had it been made at the proper time. The principle is sound, that the Court can intend nothing in a special verdict, but what is found by the jury. (1 *Wils.* 55. 1 *Caines*, 64.) This case, I conceive, not to be within the rule. The excess beyond legal interest, was money to which the plaintiff in error had no right; it belonged to the defendant in error; and he shows a state of facts entitling him to it. Now, what rebuts the justice and equity of his case? What deprives him of his right to regain what has been wrongfully taken from him? The fact, that the principal and interest have not been repaid. That, then, is matter of defence to be shown on the other side; and as the negative could not be proved, it would be enough to state the objection, and throw it on the party to prove payment. But when the defence is not made, nor the objection stated, the inference is, that the fact did not exist. This is not inferring a fact; but it is rebutting a presumption. We are of opinion, therefore, that the judgment must be affirmed.

<div align="right">Judgment affirmed.</div>

---

## BRIGGS *against* THOMPSON and others.

Where a judgment is fully paid, and the plaintiff, on application of the defendant, refuses to acknowledge satisfaction, the Court will compel him to enter satisfaction at his own expense, and to pay the costs of the motion for that purpose.

*M<sup>c</sup>CLELLAN,* for the defendants, moved, that the plaintiff cause satisfaction of the judgment to be entered up on the record in this cause, and that he pay the costs. It appeared from the affidavit, which he read, that on the 15th of *August,* 1815, the defendants paid to the plaintiff's attorney, the full amount of the judgment which had been entered up that day; but no satisfaction was entered. On the 16th of *August* last, one of the defendants applied to the plaintiff's attorney, for that purpose, who advised *William Shotwell,* the real plaintiff, (the suit having been an action of trespass brought by *Briggs,* who was his tenant,) that satisfaction ought to be entered. *W. S.* wrote to the plaintiff, that the judgment had been paid, and that there was no

objection to the entry of satisfaction. The defendants' attorney then applied to the plaintiff, *Briggs*, and showed him the receipt in full, and the letters of the attorney and *W. S.*, and requested him to acknowledge satisfaction; and offered to pay all the expenses of making the acknowledgment before a proper magistrate; but the plaintiff absolutely refused to comply with the request, or to acknowledge satisfaction. The notice of this motion was given by *T.* for himself and his co-defendants, and served on *Briggs*, the plaintiff.

*Per Curiam.* Take your rule, that the plaintiff acknowledge satisfaction of the judgment, and that he pay the costs, together with the costs of the motion.

Motion granted.

<div style="margin-left:auto; text-align:right">

UTICA,
October, 1822.

BROOKS
v.
HUNT.

</div>

---

### BROOKS *against* HUNT.

*CADY*, for the plaintiff, moved to amend the judgment record in this cause, by striking out that part of the judgment which awarded costs to the defendant. He said, that this was an action of *audita querela*, in which there was a demurrer, and judgment given thereon for the defendant, in *August* term last, with costs.

He contended, that in *audita querela*, no costs can be recovered by either party: 1. Because, costs are only recoverable by statute; and the statute (1 *N. R. L.* 343. sess. 36. ch. 96. sec. 1, 2.) gives costs only in cases where damages are given. 2. Because *audita querela* is a suit in which no damages are recoverable by either party. It is purely remedial, and in the nature of a bill in equity. (2 *Sellon's Pr.* 358. *Dyer*, 194.)

If the defendant is entitled to costs at all, it must be under the 12th section of the act, which declares, "That if any person shall prosecute in any Court of record, any action wherein, upon any demurrer by either party to the action,

<div style="margin-left:auto; text-align:right">

Where judgment is given for the defendant, on a *demurrer*, in an action of *audita querela*, he is entitled to *costs* against the plaintiff, under the 12th section of the act. (Sess. 36. ch. 96. 1 *N. R. L.* 343.)

</div>