## HANNAH PIKE *versus* JUDITH BAGLEY.

Where a tenant in a writ of entry pleaded non-tenure and concluded the plea thus, " and this she is ready to verify, &c. wherefore, &c." the plea was on demurrer held to be bad.

THIS was a writ of entry. The tenant pleaded in abatement of the writ the following plea.

"And the said Judith Bagley comes and defends when, where, &c. and prays judgment of the said writ because she says she is not tenant of the demanded premises as of freehold nor was on the day of the purchase of the said writ nor at any time afterwards nor ever had nor claimed to have, nor does she now claim to have any thing in the demanded premises but wholly disclaims to have any thing in the same premises and this she is ready to verify, &c. wherefore, &c."

To this plea the demandant demurred and the tenant joined in demurrer.

*Tilton,* for the demandant.

*French,* for the tenant.

RICHARDSON, C. J. The question is, whether the plea in this case is sufficient to abate the demandant's writ. It is well settled that in these dilatory pleas the greatest precision is necessary and if they are found defective even in form they cannot be adjudged good. The form of a plea of nontenure as given by Rastal 404, is this : *Et predictus T. B. per W. B. attornatum suum venit et defendit jus suum quando, &c. Et dicit quod ipse tenementa predicta cum pertinentibus prefato W. I. reddere non potest ; quia dicit quod ipse non est tenens corundem tenementorum ut de libero tenemento nec fuit die impetrationis brevis originalis predicti W. seu unquam postea. Et hoc paratus est verificare, unde petit judicium de brevi illo, &c.*

This form, although very ancient, is a very correct one, and would, it is believed, be found accurate if tested by

the severest rules which have ever been applied to pleas of this kind. Even the " *&c.*" which follows the " *defendit jus suum quando,*" has been held to be good even in modern times. Thus in *Wilkes* v. *Williams,* 8 D. & E. 631, the plea began, " *And the said W. in his own proper person comes and defends the wrong and injury when, &c.*" and the court held the plea to be good, saying that the " *&c.*" would imply only the half defence in cases where such a defence was to be made, and that it would be understood as making a full defence if a full defence were necessary. Willes 40, *Alexander* v. *Mawman,* Littleton sec. 195 ; Coke Litt. 127 b. ; 2 Saund. 209, *note* 1 ; Hardres 365.

It is a rule of pleading that when matter apparent on the face of the writ is pleaded in abatement the plea must both begin and conclude with praying judgment of the writ ; but when extrinsic matter such as jointenancy, non tenure and the like are pleaded in abatement, it is not formal to begin the plea with praying judgment of the writ but only to conclude it with that prayer. Moor 30 ; 2 Saund. 209, *note* 1. The form above copied from Rastal is accurate in this respect.

It has been solemnly decided that a plea in abatement which does not regularly pray judgment is bad. 3 D. & E. 185, *Hixon* v. *Binns.* 1 Chitty's Pl. 445.

Indeed the form of the commencement and conclusion of a plea in abatement has been settled and established by a long train of judicial decisions and no departure from the settled form ought to receive any countenance. It has been said that when the prescribed form of action is to be found, the proceedings should not materially vary from it unless in those cases where another form of action has been sanctioned by usage, for the courts have considered it of the greatest importance to observe the boundaries of the different actions not only in respect of their being most logically framed and best adapted to the nature of each particular case but also in order that *causes may not be brought into court confusedly and immethodically and that the*

*record may at once clearly ascertain the matter in dispute.* 1 Chitty's Pl. 85. Some of these remarks apply with all their force to pleas in abatement where in general the question is a mere question of form involving nothing beyond the costs of the suit.

Any departure from the settled forms in these cases is wholly unnecessary. Where there is a plain open road in the law what fair inducement can any man have to depart from it? We have not been able even to imagine any. And such departure is most manifestly unsafe and injurious to the party as it tends directly to raise unnecessary questions and to create delay and expense. Every attorney who undertakes to draw a plea in abatement is bound not only to know, but to pursue the settled forms. He has no right to make experiments at the expense of his client to see what deviations from the ordinary form will be sanctioned by the court.

The question is then, not whether pleas in abatement might not have had their commencement and conclusion in the shape which has been adopted in this case as well as in any other, but whether this plea is in the usual and settled and accustomed form? We have no doubt that pleas in abatement have often been filed containing all the faults that are to be found in this. But the attention of the court has not been called to them and a loose and slovenly practice is not a legitimate ground on which to establish a form of pleading.

It is very manifest that the plea now before us tested by these rules cannot be held to be sufficient to abate the writ. It does not conclude by praying judgment of the writ. No adjudged case has ever settled it, that "*wherefore, &c.*" implies praying judgment of the writ.

If those terms had a fixed and settled meaning as is the case with "when, &c." in the commencement of a plea, this plea might be supported. But that is not the case, and the judgment of the court is that the tenant answer further.