Upon the whole, we think the circuit judge was right in sustaining the demurrer.

Merits are sworn to by the defendant, but we cannot interfere on that ground. The defendant should have gone to trial. This would have waived no right to raise the present objection, on motion or writ of error. The challenge was merely technical. No actual abuse was pretended, or is now. There is no pretence that the party would not have had, in fact, as fair a trial as if the jury had been drawn by a stranger. No substantial excuse for not trying is given.

Motion denied.

---

## JACKSON, _ex dem._ BUTLER, _against_ WIDGER.

In the description of land by a conveyance, any permanent object fixed upon by the parties, controls the distance; and a _clearing_ is a permanent object within the rule.

Where the parties to a conveyance of land caused it to be run out and set off to the grantee by a surveyor, who ran a little beyond one of the objects specified in the description; _held_, that after 20 years the grantor, and those claiming under him, were concluded by this location

EJECTMENT; tried at the Chenango circuit, August 26th, 1823, before NELSON, C. Judge; when a verdict was taken for the plaintiff, subject to the opinion of this court, on a question of law arising upon the construction of a deed from Thomas Butler to Eli Widger, dated the 1st of May, 1805.

The fee of a large tract of land called Butler's Range, being in Benjamin Butler, the lessor of the plaintiff, he,

on the 10th of December, 1803, conveyed it to Thomas Butler in trust for himself (B. F.;) and, on the 30th of July, 1807, Thomas Butler re-conveyed to Benjamin Butler, excepting such parts as he (T. B.) had sold. While the title was in Thomas Butler, (May 1st, 1805,) he conveyed in fee to Eli Widger, under whom the defendant claims, a piece of land described as follows: "Beginning on the east line of Butler's tract, called The Range, at the corner of lots No. 11 and 12 of the same range; thence west 41 ch. and 50 l. to the centre of the mill-creek; thence up the centre of the same, as far as will make nothern latitude 38 ch. 50 l. to the Farr clearance, so *called; thence east 42 ch. to Guy Richards' west line; thence southerly along said line, 38 ch. 50 l. to the place of beginning." Eli Widger conveyed to the defendant 50 acres on the north side of the last tract. The Farr clearance did not touch the creek.

[*724]

The plaintiff insisted that the defendant had taken possession beyond his nothern boundary; and it was obvious from a recent survey, that he had done so to a small extent. The line of 38 ch. and 50 l. fell short of the defendant's north fence 5 or 6 rods; and disregarding the distance, he had encroached a trifle on the Farr clearing. But it appeared that a surveyor sent on by Thomas Butler in 1805, had, in company with Eli Widger, the purchaser, surveyed his purchase under the deed from T. Butler, with which the defendant's possession now agreed.

*J. A. Collier,* for the plaintiff. The defendant can only hold his length of 38 chains and 50 links. The Farr clearing is not such a fixed and permanent boundary as will control the distance within *Jackson* v. *Camp,* (1 Cowen, 612.) At any rate, he must be confined to the most southerly point in the Farr clearance; in which last case we are entitled to recover a strip 13 links wide along the north line. If the defendant is not stopped here, there is no point by which he can be restrained at all, the Farr clearance not reaching the creek.

*L. Clark*, contra. The cases of *Newsom* v. *Prior's lessee*, (7 Wheat. 8, 9, 10,) and *Preston's heirs* v. *Bowmar*, (6 id. 580,) contain the doctrine as it now exists, in relation to the controlling effect of any certain object in the line of a deed. It puts the distance out of question; and it makes no difference whether the object be the Farr clearance, or a stone, or a marked tree. The nearest point of the Farr clearing, according to the defendant's evidence, would agree with his fence; but suppose there is the trifling difference contended for; then the location of the parties under whom the defendant claims, should bind. It has been acquiesced in for more than 20 years. (*Jackson* v. *Ogden*, 7 John. 238.)

[*725]

*Curia*, per SAVAGE, Ch. J. The defendant was entitled to go to the Farr clearing, though the distance might exceed the 38 chains and 50 links given by the deed. This was so expressly settled in *Jackson* v. *Camp*, (1 Cowen, 612.) And though, strictly, the defendant should have been bounded on the south of the Farr clearing, yet, as the surveyor of Thomas Butler, who must be considered his agent for the purpose, settled the line where it now is, probably to make it straight, I think, after 20 years acquiescence, the plaintiff is too late to disturb the location, even if he could have done so at an earlier period. *Jackson* v. *Ogden*, (7 John. 238.)[1]

In my opinion, the defendant is entitled to judgment.

Judgment for the defendant.

[1] Mere neglect of the owner, for any length of time, will not raise the presumption; there being no adverse possession against him. (*Schauber* v. *Jackson, ex dem. Rogert*, 2 Wend. 13. *Doe, ex dem. Marston* v. *Butler*, 3 Wend. 149.) There being no adverse possession, the heirs of the true owner recovered even against an escheat grant, though they or their ancestors had made no claim for 100 years. (*Hall* v. *Gitting's lessee*, 2 Har. & John. 112, 125, 126.) So where the one in possession has no title, and asserts none. (*Ricard* v. *Williams*, 7 Wheat. 59, 109, *et seq.*) And accordingly, where one has title to the whole and possession of part, this is a possession of the whole; and no presumption of a grant can therefore arise in favor of another who is tortiously in possession of the same land concurrently with the true owner. (*Hammond* v. *Ridgley*, 5 Harr. & John. 215, 264, 265.) The possession must be positively and unequivocally adverse. Even possession and receiving

rents, offers to sell, or partial sales effected, may as well be acts of a tortious possessor, or of an agent, as of one claiming title under the real owner. (*Delancey's lessee* v. *M'Keen*, 1 Wash. C. C. R. 354, 359, 360, *et seq.*;) and distance and disabilities in the owner are to be considered and allowed; (id.;) and an adverse character in the possession may be done away by surrender, acknowledgment of the owner's title, or by a discontinuance of the possession, &c. (*Holtzapple's lessee* v. *Phillibaum*, 4 Wash. C. C. Rep. 356, 363.) Where a widow held a parcel of her husband's estate for nearly 30 years, under a deed in fee from one of the heirs; held, in an action by another of the heirs for an undivided portion of the same land, it could not be presumed that she claimed as tenant in dower, so as to raise the presumption from an acquiescence of the demandant in so long possession, that there was a regular assignment of dower. (*Hale* v. *The Inh. of Portland*, 4 N. H. Rep. 77. A title to an undivided portion of land cannot, unless in a very strong case, be acquired by concurrent possession, or acts of ownership, while the real owner is in possession. (*Waldron* v. *Tuttle*, 4 N. H. Rep. 371.) So of a trustee as against his *cestui que trust*, as will be seen post, not 301. (Per Nott, J., in *Howard* v. *Aiken*, 3 M'Cord, 468, S. P.) So of a vendee in possession under an agreement to convey; but not having paid the purchase money. (*Richards* v. *M'Kie*, 1 Harp. Ch. Rep. 184.) The court refused to found the presumption on a claim of constructive possession under a deed, the description in which did not clearly include the land. (*Gibson* v. *Chappel*, 1 Harp. Rep. 28.) Nor will a grant of land to a certain boundary, by one claiming beyond it, be received as ground for a presumption that he had released all beyond, especially where he had since conveyed land lying beyond. (*Jackson, ex dem. Van Schaick* v. *Vincent*, 4 Wend. 633.) See also *Palmer* v. *Hicks*, 6 John. Rep. 133, 135; Per Robertson, J., in *Fitzhugh* v. *Croghan*, 2 J. J. Marsh. 436; and per Marshall, Ch. J., 7 Wheat. 546.