## GOODALL vs. DURGIN.

The word "Greeting" is a part of the statutory form of a summons in this state; and a plea in abatement, which, undertaking to enrol the writ and summons, in order to present an alleged variance, omits that word, is bad on demurrer.

*It seems,* that where the existence of an alleged variance depended on the position of certain numerals, (namely, whether they should be rendered as $105.00, or $10.500,) it would be necessary for the plea in abatement, to enrol a fac simile of the summons in which the numerals were contained.

ASSUMPSIT, upon a promissory note, dated January 16, A. D. 1836, for one hundred and five dollars, in one year from date now past, with interest; second count for money had and received.

Plea in abatement enrolling the writ, &c. The description of the note as set forth in the enrollment of the summons, was "dated the 16th day of January, A. D. 1836, for $105.00, payable to said plaintiff, or order, in one year now past, with interest."

The cause of abatement alleged was, "that in and by the declaration in the writ aforesaid, the note declared on is described as and for one hundred and five dollars, and payable *in one year from its date now past,* and in and by said summons the note declared on is described as and for *ten thousand five hundred dollars,* payable in *one year now past.*"

The plaintiff reënrolled the summons, inserting the word "Greeting," which was omitted in the plea, and describing

the note as for $105.00, and then demurred, because of the omission of that word, and because the matter applied to the first count only.

On inspection of the summons, it appeared that the ciphers after $105 were not so near the other figures' as they were placed in the plea, but were nearer than they were placed in the replication.

*Goodall*, pro˙ se. The statute of January 2, 1829, regulating process and trials in civil causes, in the eleventh section, provides that certain things shall be set forth in a summons. It says it shall give the date of the note, bond, &c., declared on, speaking in the singular number, as if there would uniformly be but one declared on. The statute simply provides that the writ shall abate. Whether this abatement shall be in whole or in part, in case more than one be declared on, the common law must settle. Now a writ is divisible, and may be abated in part, and yet remain good as to the residue. 1 *Chitty's Pl.* 444. The prayer should be, that the writ, as to the defective count, may abate. *Story's Pl.* 6. This will fully answer the object of the statute, and by this course alone can justice be done to both parties.

Another objection exists in the fact, that the defendant has undertaken to set out the return and enrol the summons "in the words and figures" thereof. He was bound to give an exact and literal copy ; not having done so, the plea is bad. 1 *Greenl. Ev.* § 69, 70 ; 1 *Chitty's Pl.* 418 ; 4 *T. R.* 367. Our statute makes the word "Greeting" a part of the form of the summons. The defendant omitted to enrol it, and his plea was therefore bad. *N. H. Laws* 59.

*C. Ainsworth*, for the defendant.

PARKER, C. J. We have had some hesitation respecting this case, but upon consideration, are of opinion that the demurrer is well taken. By our practice, the party pleading

in abatement for a variance between the writ and summons, is bound to enrol them, that it may appear, upon inspection, whether the alleged variance does exist. He is, of course, bound to an enrolment which is substantially correct. 4 *N. H. Rep.* 76, *Pike* vs. *Bagley;* 6 *N. H. Rep.* 434, *Clark* vs. *Brown;* and the defendant in this case professes to enrol the summons by setting out a copy of it. If there is an omission of a material word, there is not, in substance, a correct enrolment, and the word "Greeting" is a part of the statutory form of the summons. The plea is bad, therefore, for this reason, and we need not inquire whether the placing of the ciphers substantially nearer to the figures $105, which preceded them, than they were placed in the summons itself, would vitiate the enrolment. The plaintiff's reënrolment is, in this respect, as defective as the defendant's enrolment, but the variance is of the opposite character. Neither give a *fac simile* of the matter, as it appears in the summons; which, perhaps, is necessary to a substantial enrolment in such a particular, when a variance is alleged.

*Respondeas ouster.*