Mr. Chief Justice Sharkey
delivered the opinion of the Court.
Spencer made his motion in the Circuit Court to have an execution satisfied, under the following circumstances : On the 29th of November, 1836, the Planters Bank recovered a judgment against him as indorser of a bill of exchange, and on the same day another judgment against Robert W. Campbell on his indorsement of' the same bill; Rankin had previously recovered a judgment against Campbell, and two other plaintiffs, Carleton and Edwards, subsequently recovered judgment against him. All of the executions were placed in the hands of the sheriff, who levied on a lot of merchandise as the property of Campbell, which was sold, and the sheriff, instead of applying the money to the executions in the order of seniority, satisfied the execution of Rankin, which was the oldest, and the two junior executions, leaving that of the Planters Bank unsatisfied; and this motion was made on the ground that the plaintiff’s execution was in reality satisfied by the sale, and that the appropriation of the money by the sheriff to the younger judgments, having sold under all, was illegal.
As to the law arising on these facts, there can be no doubt. When two executions issue for the same debt against different defendants, a levy and sale under one extinguishes the other, and the Court will order satisfaction to be 'entered. All the executions against Campbell, it seems, were levied on a lot of merchandise, and assuming that the levy under each was on the same property, the sheriff, having sold it under all, had no discretion in the matter. He was bound to appropriate it according to the date of the respective liens, and his illegal appropriation did not divest the plaintiff’s right. On an application to the Court, the proper appropriation would have been ordered ; but instead of pursuing that remedy, the plaintiffs pursued their judgment against Spencer.
The main ground relied on for reversing the judgment, is a want *314 of power in the Court to make the order of satisfaction, and in this summary way to extinguish the plaintiff’s judgment. This, it is insisted, was an infraction of the right of trial by jury. There does not seem to have been any fact in the case which required the intervention of a jury. Nothing was disputed. The evidence consisted of the executions and the sheriff’s return on them. The return of the sheriff, who is an officer of the Court, is always deemed sufficient to justify the summary action of the Court, when it has the power so to act. There are many questions which may be decided by the Court in a summary way, and in such cases it usually has power to hear evidence on which to found its judgment. A Court always has power to prevent the abuse of its process, and it would be an abuse of process for a plaintiff, having two judgments for the same debt, against different defendants, to enforce collection against one, after satisfaction by the other. In such cases a motion to have satisfaction entered is an appropriate remedy. It is not unusual to sustain such a motion on mere affidavits. 20 Johns. 294. The return of the sheriff is better evidence than an affidavit; it gives a remedy against the sheriff.
But it is also said, that the judgment is not supported by the evidence, inasmuch as it nowhere appears what sum the property sold for. There is force in this objection. It seems that the Court acted exclusively on the returns of the sheriff, or at least, that they furnished the only evidence of satisfaction. There is nothing which shows that the property sold for enough to satisfy even Rankin’s execution, which was on the oldest judgment. The executions may have been satisfied by voluntary payment. Ordinarily we must presume in favor of the judgment of an inferior court, and that the judgment was justified by the evidence, when it does not appear what the evidence was ; but when the evidence is placed before us, then it must appear sufficient to justify the judgment. The Court was not justified in ordering satisfaction to be entered, without evidence that the amount of sale was sufficient for that purpose.
Another ground taken is, that the sheriff concealed from the plaintiff the disposition which he had made of the money. This could not have happened without the plaintiff’s negligence, and’ it therefore furnishes no excuse. If the sheriff failed to return the *315 execution, tbe plaintiff had the power to coerce him to make his return. But his-return really bears date of the return term, and there ■is no evidence showing that it was iii fact not then returned. It was the plaintiff’s duty to have examined the return. But, for the error above mentioned, the judgment must be reversed, and the cause remanded.