## BAKER *v.* BROWN.

A party, enrolling the writ and summons for the purpose of showing a variance, and abating the writ for that cause, is bound to an enrollment which is substantially correct. But mis-spelling, and like inaccuries, are not material, unless they occur in those parts of the record in which variances are assigned.

"Wherefore he prays judgment of the writ," &c., is a good conclusion of a plea in abatement for such variance.

A summons, naming a different return day from the one denoted in the writ, is bad.

---

Baker *v.* Brown.

---

ASSUMPSIT. The plea set out the writ and return on *oyer*, and enrolled the summons, and concluded as follows:

Whereupon the said Brown prays judgment of the plaintiff's said writ, because he says that the summons aforesaid is not in due form of law, as is prescribed, in this, namely: that by said writ the defendant is required to answer to the said plaintiff in our court of common pleas, to be holden at Exeter, in said county of Rockingham, on the second Tuesday of February, 1847, in this suit; and in and by said summons the defendant is required to answer to the said plaintiff in a suit at our court of common pleas, to be holden at said Exeter on the fourth Tuesday of February, 1847: and this the said Brown is ready to verify. Wherefore he prays judgment of the said writ, &c.

The plaintiff reënrolled the writ and demurred, assigning for causes that the defendant had, in enrolling the writ, written the name of the clerk J. B. Hoit, whereas, upon the writ it was Hoitt; that he had written the word diverse, where, in the original, it was divers; that he had written the letters Esq., where, in the original writ, was the word Esquire; that in undertaking to enroll the writ, "in the words following," he had set forth characters and figures which are not words, and that there was no proper prayer of judgment.

*French*, for the plaintiff. What precision is necessary in enrolling? It furnishes the only means that the court have for ascertaining the grounds of exceptions taken.

The case of *Pike* v. *Bagley* does not settle in what form judgment should be prayed. The form in 1 Chit. Pl. is, "that the same may be quashed." The " &c." does not mean that. The party should pray the correct judgment. 8 N. H. Rep. 544. All the forms contain an appropriate prayer of judgment.

*Pillsbury*, for the defendant. This plea is founded on

Baker *v.* Brown.

a section of the statutes which provides that a summons, in due form of law, shall be left. We allege that no summons in due form was left, and it is unnecessary to enrol the writ and return. The defective parts of the enrollment may be rejected as surplusage.

The prayer of judgment is sufficient, and the precedents in Story are so. 6 N. H. Rep. 434.

GILCHRIST, J. The plaintiff, in reënrolling the writ and service, has shown certain variances between the defendant's enrollment and the original matter which he professes to enroll. These variances are particularly pointed out in assigning causes of demurrer to the plea, and insisted on as material defects in the plea.

In *Goodall* v. *Durgin*, 14 N. H. Rep. 577, it is said that the party assuming to enroll is bound to an enrollment that is substantially correct; and if there is an omission of a material word, there is not in substance a correct enrollment. It is also said that the enrollment should give a *fac simile* of the matter, "when a variance is alleged."

These expressions may be referred to as giving an outline of the whole doctrine on the question presented. When it is to be inspected for the purpose of ascertaining the truth of the matter alleged or suggested in the plea, it is important, of course, that the enrollment should be so scrupulously accurate as to present to view the variance relied on, precisely as it exists. In the language cited, it should contain a "*fac simile* of the matter."

But as to that part of the enrollment which is no further necessary than to satisfy the exactions of the rule requiring the whole matter to be enrolled, no reason exists for insisting upon more than that it shall be substantially correct. The errors indicated in the demurrer cannot be regarded as substantial. They consist of some cases of mis-spelling, and denominating as words the con-

---

tents of a record made up in part of figures, and the like, in parts not necessary for showing the variance relied on in the plea.

The form in which judgment is prayed is precisely the one which received the well considered approval of the court in *Pike* v. *Bagley*, 4 N. H. Rep. 76. To the same effect is *Clark* v. *Brown*, 6 N. H. Rep. 434.

The variance between the writ and summons is, without doubt, fatal. *Nelson* v. *Swett*, 4 N. H. Rep. 256.

*Writ abated.*