## Colby *v.* Dow.

An enrollment is sufficient for the purposes of a plea in abatement, if its inaccuracies are only of a clerical nature, and are confined to parts of the record which are not necessary in exhibiting the point made by the plea.

An omission, in a summons, to state the form of action, is material, and a good cause of abatement.

Trespass. The defendant craved *oyer* of the writ and return, and they were set out. He then enrolled the summons and prayed judgment of the writ, and that the same may be abated, because the summons delivered to him by the officer who served the writ did not give him briefly the same information which the declaration gave, &c., but was defective in that "it did not state what plea, or kind of action, said Rufus Dow was required to answer to," &c.

The plaintiff thereupon reënrolled the writ and return, and demurred, for causes —

1. That by said original writ the sheriff or his deputy is required to "make return *or* this writ;" but by the enrollment in the defendant's plea the sheriff or his deputy is required to "make return *of* this writ," &c.

2. Because, in the return of the officer on the back of said original writ, the said officer returns that he attached one hat of the within *detenant,* but by the enrollment of the defendant in his plea, said officer attached a hat of the within named *defendant.*

*Marston,* for the defendant.

*Wells,* and *Tuck,* for the plaintiff.

Gilchrist, J. The pleadings are not enrolled by the defendant with perfect clerical accuracy. In some instances the copy is not perfectly correct, but they are not such that the matter fails by reason of them to be easily intel-

---

---

ligible. It is just as plain as if the enrollment had been perfectly accurate.

In the original, the sheriff is required to make return "*or*" the writ. In the enrollment, the word is correctly written, "*of*."

In the original, the return states that the property of the "*detenant*" was attached. In the enrollment the word "*defendant*" is used.

It is often said that pleas in abatement are not to be favored — that they are merely dilatory. But whatever loose remarks may have been made at times, we have no right to say that such pleas are to be discountenanced, and that for that purpose a more strict and different rule is to be applied to the reading of them than that which is to be used in other cases. A rational view is to be taken of them, as of every other matter. We are not to be astute in finding means to prevent a party from making use of a defence which the statute allows.

The writ is truly enrolled, if the defects in the enrollment are merely clerical, and of an entirely immaterial character. As was held in *Baker* v. *Brown*, decided the present term, there is no need of clerical accuracy in those parts of the enrollment which do not contain the variance which the pleader seeks to point out. To hold that a legal defence may be avoided, because in the enrollment of the pleadings, in a matter not only unimportant in itself, but entirely disconnected from the matter of the plea, there is a clerical inaccuracy, would be to apply a rule more stringent than is ever applied elsewhere, and the application of which in any case would render it almost impossible to try a cause, or to administer the law at all.

The theory of an enrollment is this: The defendant pleads a variance between the writ and summons, and enrolls them, in order that the court may see that there is the variance which he relies on. If the attempted enrollment is so incorrect as not to afford the information

sought, or to mislead the court with false views, the other party may reënroll, and demur for the error.

The rule which prescribes this method of exhibiting the fault for which the party seeks to abate the writ, would not be reasonably complied with if the enrollment were materially defective.

The reason for enrolling the pleadings at all requires that they be correctly enrolled, and it has accordingly been held that all the material words must be inserted, and that the omission of the word "greeting," in a summons, was material. *Goodall* v. *Durgin*, 14 N. H. Rep. 576.

But where the material words appear, and the only error is the spelling, or some such clerical feature, and that, too, in parts of the enrollment not necessary to exhibit the fault at which the plea is aimed, such an error is not demurable. Those indicated by the demurrer here are of that nature.

The matter as well as the form of the plea in abatement is good. The summons omits to state the nature of the action which is specified in the writ. This is a material omission. The summons does not, even by inference, give that material information, and so fails to answer the requirements of the statute.

*Writ abated.*