By the Court, Garvin, J.
There are several reasons why the order appealed from in this case should be reversed. The motion is not made by the defendant, nor has the plaintiff any notice of the application, but it is made by a party who has no equities, so far as appears in the case, and there is no evidence before me but that there may be other persons who have an interest in sustaining the judg-' ment and keeping it on the record, to protect them or their title. This of itself, would be a sufficient answer to such an application. Neither of the parties to the record are in court, and there is no evidence before us that it has not been agreed that the first judgment shall stand as it is, a lien upon lands, for the protection of the rights of others. Before the court can interfere and cancel these judgments, the application should be made by some party to the record or having some interest based upon such legal or equitable considerations as the court can recognize. Certainly a stranger to a judgment cannot with any propriety ask the court to vacate or order it satisfied without furnishing some reason therefor. If this judgment is a lien upon property held, by Georgina E. Beers, she must by action or motion bring before the court all those who are or may be ^ *646 interested, and ask the court to avoid the judgments, or declare them invalid, or discharge the lot in question from their operation and effect.
This case is clearly distinguishable from any case to which our attention has been called. In this case there is no pretense that any or either of these judgments have been paid in full. It is alleged by Beers, the attorney, that he paid Miller “the sum agreed upon,” in full payment and satisfaction of said judgments. He does not state the amount paid, one dollar. Or a less sum paid, would justify this statement in the affidavit. If the whole amount of the-judgments was paid, there can be no doubt the defendant’s attorney would have made it appear. Several years have elapsed since the entry of the last judgment, and nearly two years before any satisfaction was entered upon the récord. The first judgment was to stand as security. The wisdom of that provision in the order opening the default is apparent now, and whether the defendant’s'attorney knew its effect and the plaintiffs’ attorney, Miller, failed to appreciate it, does not appear. The last judgment may be, and probably was, not the judgment which regularly ought to have been entered; but whether by entering such judgment the lien obtained by the first judgment, (which was to stand as security,) was lost, we are not called upon now to express, any opinion. I think it is quite clear before we can dispose of and pronounce finally upon the rights of property and equities of the parties to these judgments, they should have an opportunity to be heard in open court. The evidence before us is, that the assignees of the judgment held the first judgment as security. If this is so, the plaintiff has an interest in the. judgment, upon which he has a right to be heard, or at least notice and opportunity to be heard, before we can satisfy it of record. This I - understand to be the purport of nearly all the cases cited on the part of the respondent. In Briggs v. Thompson, (20 John. 294,) the full amount of the judgment was paid, and notice was given by the defendants to the plaintiff, of motion for *647 an order directing satisfaction. The motion was granted. Here both parties to the judgments were before the court, and had an opportunity to be heard. The case of Lee v. Brown and others, (6 John. 133,) was an application in behalf of Brown, for an order that the clerk note satisfaction. The court directed an order to show cause at the next term, why satisfaction of the judgment should not be entered upon the record, notice to be given to the attorney of record, and notice posted in the clerk’s office. It appeared the judgment was paid; that the plaintiff and his agent were out of the country, and one of several defendants was dead; another was out of the state; yet the court required notice before a final order for satisfaction. In the case of Baker v. Judges of Ulster Common Pleas, (4 John. 191,) the court say the discharge of the defendant from arrest under a ea. sa. issued upon a judgment recovered on the same day the defendant had been discharged under the insolvent act was regular, on the ground that the judgment and discharge under the insolvent act were contemporaneous, and he had no opportunity to plead his discharge, but the insolvent discharge released his body only from imprisonment upon an execution against his person issued upon any judgment recovered upon debts existing at the time of presenting his petition. However this may be, it has nothing to do with this case.
The other cases have no bearing upon the case before us. Most of the questions of this nature which were formerly settled by action, are now settled by motion, a more cheap and expeditious remedy; but whether by action or motion, no one ever heard of disposing of the equities of the parties, and settling all their rights, without notice to the parties to the judgment and all others having any interest therein, and giving them an opportunity to be heard.
This order should be reversed, with costs, without prejudice to the rights of any and all parties interested to make such motion, or take such action, as they shall be advised, upon due notice.