## John Nelson *versus* Benjamin Swett.

When the goods or estate of a defendant are attached it is a good cause to abate the writ, that no summons has been left with the defendant for his appearance at the time and place, when and where the writ was returnable.

An allegation in a plea of abatement, that the summons left with the defendant *when his goods were attached*, did not contain the substance of the writ, was held to be a sufficient allegation *that his goods were attached.*

When a defendant enrols the summons left with him in the service of a writ and it appears by that, he was cited to appear at a different time and place from those where the writ was returnable, he is not estopped by the sheriff's return to allege what thus appears upon the record.

This was an action of trespass. The defendant having craved oyer of the writ and declaration, and prayed that the summons, which was given to him by the officer, who served the writ in this suit, at the time of the service thereof, might be enrolled, prayed judgment of the plaintiff's writ, and that the same might abate because " the summons aforesaid delivered to him by the officer, who served said writ when his the defendant's goods and estate were attached at the plaintiff's said suit, did not contain the substance of the plaintiff's said writ, in this to wit, that by said writ the defendant is required

to answer to the said plaintiff in this court of common pleas in this suit, on the first Tuesday of October, A. D. 1826, and in and by said summons, the defendant is required to answer to the said plaintiff in a suit at our court of common pleas, to be holden at Plymouth, &c. on the first Tuesday of October, A. D. 1827, and this, &c. wherefore, &c.

To this plea there was a demurrer, and joinder in demurrer.

*Nelson*, for the plaintiff.

*Bell*, for the defendant.

RICHARDSON, C. J.    The question, which this cause presents for our decision, is to be settled by recurring to the statute of February 9, 1791, sec. 8, the second and third paragraphs of which section are as follows :—

" And when the goods or estate of any person shall be attached at the suit of another, in any civil action, a summons in form of law, as is prescribed, shall be delivered to the party, whose goods or estate are attached, or left at his or her dwelling house, or last and usual place of abode, fifteen days before the day of the sitting of the court, to which such writ of attachment is returnable."

" And all such summonses shall set forth the sum in the note or bond declared on, with the endorsements thereon, with the dates thereof, the amount of the account annexed to the writ or declared on, the quantity of land in ejectment, in covenant, what sum in damages is demanded, and for what and in all cases shall briefly give the same information to the defendant which the declaration gives more at large, and shall contain the substance thereof, &c. otherwise the writ shall abate."

Soon after the time when original jurisdiction was first given to this court, in 1818, our attention was called to the subject of pleas in abatement, founded on the paragraph lastly above cited, for a variance between the declaration and the summons ; and we decided, that in such cases the defendant should crave oyer of the writ, declar-

ration and officer's return and set them out at large, and also enrol the summons. To that decision we have ever since adhered, and still think it correct. But the plea in this case is not founded upon that paragraph in the statute. The defect in the summons enrolled, is not that it does not contain the substance of the declaration, but that it does not cite the defendant to appear at the time and place, when and where the writ is returnable ; in fact, the defect is, that no summons in form of law, as is prescribed, was left.

This plea is, therefore, founded upon the paragraph firstly above cited, and we are not aware that it has ever been held necessary, in such a case, to crave oyer of the writ and the sheriff's return. And as there is no settled form of pleading the want of a summons where goods have been attached, we shall examine whether sufficient matter is alleged in the plea to abate the writ ? The writ and the summons are both before us, and if the estate of the defendant was attached by virtue of the writ, and the summons enrolled was left as a part of the service of the writ, the service is defective. There is no pretence that any other summons was left, so that the only question is, whether service of the writ is sufficiently averred in the plea to have been made by an attachment of the defendant's goods or estate ?

And we are of opinion that an attachment of goods or estate is sufficiently averred. Chitty, in his Pleading, 1, 315, says, "in point of form an averment may be in any words amounting to an express allegation, as that the plaintiff *avers*, or, *in fact saith*, or, *although*, or, *because*, or, *with this that*, or, *being*, &c. and he is well supported by authority. 1 D. & E. 70 ; Com. Dig. "Pleader" C 77 ; 1 Saund. 117, note 4 ; Willes 134.

In this case, the averment that "the summons aforesaid delivered to him by the officer who served said writ when his the defendant's goods and estate were attached, at the plaintiff's said suit, did not," &c. seems to us to

be a direct allegation that the defendant's goods and estate were attached in the service of the writ.

But it is contended, that the defendant is estopped by the sheriff's return to say there was no summons, and the case of *Slayton* v. *Chester*, 4 Mass. Rep. 478, is cited as an authority directly in point. We shall not stop to enquire whether, according to our practice, we can, *ex officio*, take notice of the officer's return in this case, because there is another decisive answer to this ground of the plaintiff.

The summons which the sheriff left in the service of the plaintiff's writ is now enrolled, and has become a part of the record. And it is a rule of law, that " where the veritie is apparent in the record, there the adverse party shall not be estopped to take advantage of the truth ; for he cannot be estopped to allege the truth when the truth appeareth of record." Coke Litt. 352, *b* ; Com. Dig. " Estoppel" E 2.

It is apparent, from the record before us, that although the defendant's estate was attached in the service of the writ, no summons for his appearance at the time and place, when and where the writ was returnable, was left, and this being a sufficient cause to abate the writ, we are of opinion that the defendant is entitled to judgment.

*Judgment for the defendant.*