## DANIEL TUCKER *versus* STEPHEN PERLEY.

In a plea in abatement for a defect in the summons left with the defendant in serving the writ, there must be either a profert or an enrolment of the summons, otherwise the plea is bad.

THIS was an action of covenant broken. The defendant craved oyer of the writ, and return of the sheriff, and had it, and then prayed judgment of the writ, because he says that by virtue of the writ aforesaid his estate is attached, &c. and that the summons left by the said officer serving said writ, and the same by him mentioned as having been left with him the said Perley, in his return above set forth, is in the words and figures following, (here the summons was set forth at large.) Whereupon the said Perley says, that among other defects in the said summons "what sum in damages is demanded and for what," is not set forth, whereupon he prays that the suit may abate.

To this plea there was demurrer, and joinder in demurrer.

*Mason* & *Lyford*, for the plaintiff, contended, that the plea was bad, because there was no profert of the summons.

*Woodbury* & *Walker*, for the defendant, contended, that the summons was virtually enrolled. It purports to be set out in words and figures. There is no particular settled form for an enrolment. It seems that this is sufficient, even if the court hold an enrolment necessary. If the summons is enrolled, this necessarily implies a profert.

*By the court.* It must now be considered as settled in this state, that in pleading in abatement a defect in the summons, the defendant must crave oyer of the writ, and enrol the summons. *Nelson* v. *Sweet,* 4 N. H. Rep. 256.

There is no settled form in which a defendant must pray an enrolment. Regularly, there should be a profert

and enrolment.  But if the defendant prays an enrolment and sets the summons out at large in his plea, the summons will be presumed to be in court.

There must be something tantamount, at least, to a profert, otherwise the plaintiff is not entitled to oyer. 1 Chitty's Pl. 415 ; Com. Dig. " Pleader," P. 1 ; 1 Saund. 8, *Jevens* v. *Harridge*.

And it is very evident, that the plaintiff should have oyer in order that he may see that the summons is truly enrolled.

In this case, it is only averred that a summons was left, which is set out at large ; but there is neither a profert, nor any prayer that the summons may be enrolled. It does not appear in any way, even by implication, that the summons is in court.  It is, then, clear, that as the law is settled in this state, the plea cannot be supported.

*Judgment that the defendant answer further.*