# THE TOWN OF STODDARD *versus* A. C. COCKRAN, AND OTHERS.

In debt brought by a town, on a bond which was described in the declaration as a bond, payable as the town should, by legal vote, direct, it was held to be a good cause for abating the writ, that the bond was described in the summons, left with the defendant, for his appearance, as a bond payable on demand.

DEBT upon a bond, in the sum of $10,000, which was described in the declaration as payable to the town " as said town should, by legal vote, direct."

The defendants craved oyer of the writ, and of the sheriff's return, by which it appeared that he attached property of the defendants and left a summons, with

* PARKER, J. having been of counsel, did not sit.

eash, for his appearance. They then enrolled the summonses, in which they were commanded to appear and answer to the plaintiffs " in a plea of debt, for not paying them the amount of your writing of October 28, A. D. 1830, obligatory, sealed with your seal, for the sum of ten thousand dollars, payable to the plaintiffs on demand."

They then prayed judgment of the writ, because there was a material variance between the bond described in the declaration and the bond described in the summonses.

To this plea the plaintiffs demurred, and the defendants joined in demurrer.

*Wilson, Jr.* for the plaintiffs.

*Hubbard* and *Handerson,* for the defendants.

*By the court.\** The statute declares that summonses, " in all cases, shall briefly give the same information to the defendant which the declaration gives more at large, and shall contain the substance thereof." In this case there is a material variance between the bond described in the declaration and the bond described in the summons. The bond, mentioned in the declaration, is not a bond payable on demand. It was not payable at all until the town, by vote, directed how it should be paid. The summons then did not give briefly the same information to the defendant which the writ gave more at large. And, as the statute directs that in such a case the writ shall abate, the plea, in this case, must be adjudged sufficient.

---

\* Parker, J. having been of Counsel did not sit.