## John Clark *versus* Jonathan Brown.

A plea in abatement, concluding with praying judgment that the writ may be quashed, is insufficient.

This was an action of assumpsit upon a promissory note. The defendant having craved oyer of the writ, &c. and enrolled the summons left with him in the service of the writ, filed a plea in abatement as follows :—

The said Brown prays judgment of the writ aforesaid and that the same may abate, because he says that the summons does not briefly give the same information to the defendant which the declaration gives more at large in that the note in the declaration set forth is alleged to be payable in six months from the date thereof, with interest after, and the said summons sets forth the note as payable in sixty days with interest after, which the said Brown is ready to verify, wherefore he prays judgment that the said writ may be quashed.

To this plea there was a demurrer and joinder in demurrer.

The counsel for the plaintiff relied upon the following authorities. 3 D. & E. 185, *Hixon* v. *Binns* ; 1 Chitty's Pl. 445 ; 2 Saunders, 209, b ; 4. N. H. Rep. 76, *Pike* v. *Bagley.*

*Bartlett,* for the defendant.

Richardson, C. J. delivered the opinion of the court.*
Pleas in abatement are interposed to defeat writs for some defect in the mode of proceeding and are certainly entitled to no particular favor. But when they contain sufficient matter well pleaded they must prevail. Any defect in them, however, even in form only, is fatal to them even on a general demurrer.

The form of the conclusion of such pleas was settled in

---

*Upham, J. having been of counsel in the cause did not sit.

very ancient times and correct forms are found in all the <span>The State<br>v.<br>Leonard.</span> books. The reason of the particular form prescribed we shall neither seek to discover nor stop to explain. It is enough that they are settled. They are well defined paths of the law, in which all may travel in peace and safety, and to permit any deviation from them must lead to contention, delay and costs. This is a good reason why they should be strictly followed. Let him who objects to informality in the proceedings of his opponent be himself correct in form.

It is settled that a plea in abatement must conclude with praying judgment of the writ. This plea is defective in this respect.

The case of *Hixon* v. *Binns* settles this case. In that case they did not pray judgment. Here judgment is prayed, but not of the writ. This is fatal.

*Judgment of respondeas ouster.*