## KNOWLES *vs.* ROWELL.

A plea in abatement, for matter not apparent on the face of the declaration, may begin and conclude with a prayer of judgment.

It is sufficient, in such plea, to crave oyer of the writ, if the entire writ, including the declaration, is set out and enrolled.

The name of the indorser on the writ, and of the sheriff on the summons, need not be enrolled, in setting out the writ and summons.

ASSUMPSIT upon a promissory note. The defendant craved oyer of the writ, and of the officer's return thereon, and enrolled them. By the return it appeared that the writ was served by an attachment of property, and the delivery of a summons to the defendant. The plea then prayed that the summons, which was left with him, might be enrolled, after which it proceeded as follows—" All which being done, read, and heard, the said Sampson Rowell prays judgement of the writ aforesaid, and that the same may abate, because he says that the summons aforesaid, left with him by

the officer who served the writ as aforesaid, did not, at the time the same was left with him, or at the commencement of said suit, nor since, nor now, contain the substance of the plaintiff's said writ, in this, to wit. that it does not set forth the date of the note declared on in said writ or declaration, and this he is ready to verify : Wherefore the said Sampson Rowell prays judgment of the writ aforesaid, and that the same may abate, and for his costs."

The plaintiff in his replication prayed that the original writ and declaration might be truly enrolled, and then set forth the writ, with the filing on the back of it, and the name of the indorser. He also reënrolled the summons, and set out the endorsement of the name of the sheriff who served the writ, on the back of it—and then demurred specially.

*Pearson* and *Bell*, for the plaintiff, contended, that the plea was bad—1. Because the matter alleged in abatement is not apparent upon the face of the declaration, and the plea commences and concludes with a prayer of judgment. 2. The defendant has craved oyer of the writ only, and therefore has not properly enrolled the declaration. 3. Having assumed to set out the writ, declaration, &c. he should have set out the whole, including the name of the indorser on the back of the writ, and that of the sheriff who served the writ on the back of the summons.

*H. A. Fletcher*, for the defendant. Where a plea in abatement is for matter apparent upon the face of the declaration it should both begin and conclude by praying judgment of the writ (or of the writ and declaration,) and that the same may be quashed ; but the converse does not hold, that when a plea in abatement is for a cause *dehors* the writ, it must only conclude by praying judgment of the writ ; at least the authorities and precedents are contradictory on the subject. *Gould's Pleading* 293 ; 1 *Chitty's Pl.* 451 ; 2 *do.* 413, 420 ; *Bac. Abr., Abatement, P.*

There is no adjudged case, that where the matter is extrinsic the plea should only conclude by praying judgment, &c., but it is only said it should be so. *Gould's Pl.* 293; *Law's Pl.* 108–9; 2 *Saund.* 209; *Story's Pl.* 5.

It is not necessary to crave oyer of the declaration, as by our practice the writ and declaration are embodied as parts of one and the same instrument. 5 *Mass. R.* 280, *Ilsley* vs. *Stubbs; Gould's Pl.* 262.

The indorsement and filing of the writ, and the indorsement on the summons, form no part of the writ, declaration, or summons, and there would be no advantage in enrolling them.

PARKER, J. So far as the rules respecting pleas in abatement are founded in any reason, though the reason be merely for the preservation of clearness and distinctness, we are ready to follow them, and hold the party to a strict adherence in point of form.

A plea in abatement which concludes badly cannot be good, *Com. Dig., Abatement, I,* 12. It is well settled, that, as a matter of form, the party should be held to pray for the correct judgment. Thus if he pleads to the jurisdiction, he shall conclude, *judicium si curia vult cognoscere*, or *si responderi debet.* If to the person, judgment whether he shall be answered. If the death of one of the plaintiffs or defendants, *judicium si curia alterius procedere velit. Com. Dig., I,* 12.

But the distinction between praying judgment in the beginning and conclusion of the plea, if the matter be apparent on the face of the writ, and of praying it only in the conclusion if it be *dehors*, is quite too fanciful to be supported.

No sound reason can be shown why it was ever adopted, even in the days when great nicety was required. In fact, Comyn does not support it, but says if the matter be *dehors* the party shall conclude his plea by demanding judgment of the writ, and *need not* say so in the beginning. And as this

distinction, if it ever existed, has been long disregarded, we are of opinion that it should not now be revived and established. 2 *Chitty's Pl.* 414, 418 ; *Story's Pl.* 76.

It is probably true that justice is more often perverted than promoted by pleas in abatement. But the statute provides in certain instances that the writ shall abate. If the provision is in some cases the cause of hardship, the remedy is with the legislature and not with the court. It is not for us to revive exploded rules in order to take cases out of its operation.

The other objections to the plea must also be overruled. By our practice the declaration is incorporated into the writ, and in professing to crave oyer and set out the writ, the defendant properly enrolled the whole. But the indorsement on the back of the writ forms no part of the writ, or of the declaration. It is in effect a bond that the endorser will be responsible to the defendant for costs on certain contingencies. And so the indorsement of the name of the officer who served the writ, on the back of the summons is required by the statute for the information of the defendant, but forms no part of the summons itself, and it was not necessary to enrol it.

*Writ abated.*