## LYMAN *vs.* DODGE.

In a writ of entry, the plaintiff demanded lot number twenty, in the third range, being also the lot upon which the defendant resided.  The summons, which was delivered to the defendant, set forth that the action was brought to recover lot number twenty-one, in the third range ;—*Held*, upon a demurrer to a plea in abatement, that this was a fatal variance.  If the lot had been equally well known by those different numbers, perhaps the plaintiff might have replied that fact.

A plea in abatement, after enrolling the writ, set forth the return of the officer that he gave the defendant a summons, and then stated that the defendant brought into court the summons given him by the officer, &c.;—*Held*, that this was sufficient to show that it was the summons delivered by the officer in the service of the writ ; and that it was not necessary that the defendant should exclude the possibility that the officer had given him another summons.

It is immaterial whether the defendant, in a plea of abatement, crave oyer of the writ and declaration, or of the writ only, (the declaration being here incorporated into the writ,) if he enrol the whole.

The *distinctions between half and full defence, in a plea, are obsolete.*

It is no substantial objection to a plea in abatement, that in the beginning it prays judgment of the writ that it may abate, and in the conclusion prays judgment of the writ that it may be quashed.

WRIT OF ENTRY, in which the plaintiff demanded " a certain piece of land, with its appurtenances, situate in Bath, and known as lot number twenty, in the third range of hundred acres lots east of the river Amonoosuck, bounded on the southwest by that lot known as the White & Porter lot, being also the same on which said tenant resides, and containing about one hundred acres," &c. The plaintiff counted upon his own seizin, and a disseizin by the tenant.

The defendant's plea commenced, " And the said Dodge comes and defends, &c., when, &c.," and it then prayed oyer of the writ and declaration, and enrolled the whole. He then craved oyer of the return upon the writ, and enrolled it, from which it appeared that the property of the defendant was attached upon the writ, and a summons, for his appearance in the suit, delivered to him. The plea then made a profert of the summons, and prayed that it might be enrolled, and it was set out at large, stating that the plaintiff " counts upon his own seizin of lot 21, third range of lots E. of the Amonoosuck, in Bath, within twenty years," &c., and the plea then proceeded, " which being read and heard, the said Dodge prays judgment of the writ aforesaid, and that the same may abate, because he says the said summons does not briefly give the same information to the defendant which the declaration gives more at large, in that in the said declaration the said Lyman demands against the said Dodge a certain piece of land, with its appurtenances, situate in said Bath, and known as lot number twenty, in the third range of hundred acre lots east of the river Amonoosuck, and counts upon his own seizin of the same within twenty years, and a disseizin by the said Dodge ; and in the said summons the said

Lyman *v.* Dodge.

Lyman counts upon his seizin of lot number twenty-one, in the third range of lots, in Bath, east of the river Amonoosuck, within twenty years, and a disseizin by the said Dodge, which the said Dodge is ready to verify. Wherefore he prays judgment of the plaintiff's said writ, and that the same be quashed, and for his costs."

The plaintiff demurred, specially, to the plea, and assigned as causes, 1. "It is not averred to a certainty what the fault is. It is not said that the land demanded in the writ is a different tract from the land demanded in the summons, nor any thing averred showing that fact to a certainty, as the land might be known by one name or number as well as by another. 2. It is not averred to a certainty that the summons enrolled in the plea is the same summons as that given by the officer in the service of said writ; nor that it is the only summons given by the officer in the service of said writ; and for aught that appears a true summons, as set forth in the return enrolled, might have been given to the defendant, and not enrolled. 3. It doth not appear to a certainty what return is enrolled in said plea, as oyer is not prayed of the return of service made by the officer, and indorsed on said writ by him, nor is it in said plea averred that it is the return made by him on said writ, and for aught that appears in said plea there may be a different return of service on said writ. 4. Said plea craves oyer of the writ and declaration, as if there were two precepts, or independent matters, and says they are read to him. It does not appear what is read to. him except the writ enrolled, nor what they refer to, to a certainty to every intent. 5. It is not stated in said plea to a certainty to every intent, whether the defendant makes half defence, or full defence, or what, or to what. 6. The said plea first prays that said writ may abate, and then that it may be quashed, and so is double," &c.

*Bell, Goodall, & Livermore,* for the plaintiffs, cited, in support of the demurrer, *Co. Litt.* 72, *a.*; 2 *Barn. & Cres.* 871, *King* vs. *Cook;* 3 *D. & E.* 185, *Hixon* vs. *Binns.*

Lyman *v.* Dodge.

*Hibbard,* for the defendant, cited *Story's Pl.* 6, 61 ; 6 *N. H. Rep.* 434, *Clark* vs. *Brown.*

PARKER, C. J. It is undoubtedly true that pleas in abatement, while they are attended with some advantages, are not unfrequently the means of injury to innocent parties. Suits are occasionally defeated by them, where irreparable loss ensues, because attachments are thereby dissolved, and, the debtor being insolvent, the debt cannot afterwards be secured. And this may result from a mere inadvertence óf the counsel, by reason of which the summons does not contain the substance of the declaration.

This is a matter which commends itself to the attention of the legislature. One provision of our statutes enacts, " That no summons, writ, declaration, return, process, judgment, or other proceeding in the courts of justice, shall be abated, quashed, or reversed, for any kind of circumstantial errors or mistakes, or for any errors or mistakes where the person or case may be rightly understood and intended by the court, nor through defect or want of form only." 1 *N. H. Laws* 89. But another clause in the same statute provides, among other things, that summonses " in all cases shall briefly give the same information to the defendant which the declaration gives more at large, and shall contain the substance thereof," " otherwise the writ shall abate." The language of this clause is explicit ; and where there is a defect in this particular, the court have no discretion allowed them, nor can the difficulty be obviated by any amendment. The writ must be abated, however well the court may be persuaded that the case was rightly understood.

We may, and have, adopted rules requiring such pleas to be filed promptly. We may, and do, hold that they are not amendable. We require a stricter adherence to form in framing them, than is required in other pleas, and we hold that defects of form may be taken advantage of upon a general demurrer.

These have been considered reasonable rules, because pleas in abatement often defeat the justice of the case, or, if filed in cases where amendments may be allowed, cause delay and expense. But the fact that such is their operation, will not justify the court in attempting to evade their admission, or in applying to them any different rules of grammar or logic from those applied to other pleadings.

In the case before us, there is no doubt that there is a palpable variance between the declaration and the summons. The writ demands a tract of land known as lot number twenty, in the third range, bounded on the southwest by that lot known as the White & Porter lot, being also the lot on which the tenant resides, &c., and alleges that the plaintiff was seized of that lot, within twenty years, and that the defendant disseized him. But by the summons the defendant is informed that the suit is brought to recover lot twenty-one, in the third range.

It is very probable that the defendant may have well supposed, that the suit was brought to recover the lot numbered twenty, of which the declaration states him to have been in possession. But that certainly is not the information given him by the summons. Nor is there any reason to suppose that the same lot was known by these two different numbers. If it were so, the plaintiff might perhaps have replied that fact.

The plea sets forth the return of the officer upon the writ, stating that he gave the defendant a summons, and then states that the defendant brings into court the summons given him by the officer aforesaid. This is sufficient to show that it was the summons delivered by the officer in the service of the writ. And we are not aware of any principles of pleading, by which it was necessary that the defendant should exclude the possibility that the officer had given him another summons. If he had so done, that might have been replied.

Similar remarks are applicable to the third cause of demurrer.

It was immaterial whether the defendant craved oyer of the writ and declaration, or of the writ only, as the declaration is incorporated into it.    He enrolled the whole, as he ought to have done.    8 *N. H. Rep.* 545, *Knowles* vs. *Rowell.*

It has been laid down as a rule of pleading, that a defendant cannot plead in abatement, after making full defence. (*Willes' Rep.* 41, *Alexander* vs. *Mawman ;*) for the nature of which, see *Co. Lit.* 127, *b ;* 1 *Chitty's Pl.*, 3*d Am. Ed.* 413.    But it is settled that going no further than defending the force and injury, when, &c., will be considered as only half defence where such a defence should be made, and as full defence when the latter is necessary.    2 *Saund.* 209, *c. ; Willes* 41 ; 8 *D. & E.* 633, *Wilkes* vs. *Williams ;* 3 *B. & P.* 9, *note a ;* 1 *Chitty's Pl.* 413.    And in 2 *Chitty's Pl.* 455, *note a,* it is stated, as a consequence of this doctrine, that the distinctions between half and full defence are now obsolete. '

The plea in this case is in the common form, it being usual here to omit the words, " the wrong and injury," inserting instead an " &c."

The last objection to the plea is equally untenable.    The plea prays judgment of the writ, in the beginning and conclusion.    There is no such difference between praying judgment that it may abate, and that it may be quashed, as to constitute a variance, or make the plea double.    Nor will surplusage vitiate it.

In *Clark* vs. *Brown*, 6 *N. H. Rep.* 434, the objection was that the plea, in the conclusion, did not, in terms, pray judgment of the writ.    That case goes to the extreme limit, and it was with some hesitation, at the time, that I concurred in that decision.

*Writ abated.*