## WENDELL & a., Admrs., *vs.* MOULTON.

The demandants, in a writ of entry, declared as administrators, and alleged seizin, &c., in their capacity as administrators, within twenty years; the summons described the demandants as administrators, and the action as a plea of land, wherein the plaintiffs demanded the tract of land, but contained nothing farther to show what seizin the demandants relied upon;—*Held*, that the writ was abatable by force of the provisions of the eleventh section of a statute of this state, passed January 2, 1829, " regulating process and trial in civil causes."

WRIT OF ENTRY, for a tract of land in Lyman.    The writ was a writ of attachment.    The declaration alleged, that the demandants, in their capacity and right of administrators, were seized in fee within twenty years, and that the defendant disseized them.    Plea in abatement, enrolling the writ, return and summons.    The latter described the demandants as administrators, and the action as a plea of land, wherein the plaintiffs demanded the tract of land, but contained nothing farther to show what seizin the plaintiffs relied on, and no allegation of an averment that the defendant disseized them.    The plea then alleged, that the summons did not briefly give the defendant the same information that the dec-

laration gave more at large, and contain the substance there-of in this, to wit: "that the said declaration alleges that the demandants say, that within twenty years last past, they themselves, in their capacity and right of administrators as aforesaid, were seized and possessed of the demanded tene-ments, as of fee and right, taking the profits thereof to the value of fifty dollars by the year, and of which the declara-tion alleges that the said David disseized them; but the sum-mons aforesaid does not allege that the demandants were *seized* of the said tenements, within twenty years last past, nor does the said summons allege that the said David, in any manner *disseized* the demandants of the said tenement." De-murrer and joinder.

*Livermore*, for the plaintiffs.    The provision of the statute on which the exceptions taken in the plea are founded, is found in one passed July 2, 1829, at the 11th section.    *N. H. Laws* (*Ed.* 1830) 92.    It requires that the summons "shall briefly give the same information to the defendant which the declara-tion gives more at large, and shall contain the substance there-of."    The summons then should not contain the whole declar-ation, nor formal matters not traversable.    But this is not all. The summons is sufficient, if from it a man of common sense, knowing the law, may be informed what the declaration (if correctly drawn) contains, so as to enable him to draw just such another.    Such is our old and approved summons on a note; "*in a plea of the case founded on your note dated*" &c., &c.

In the present case, the summons states that the plaintiffs, as administrators in a plea of land, demand of the tenant the premises described.    In New-Hampshire there is but one plea of land, viz.: "a writ of entry in which the demandant counts upon his own seizin, and a disseizin by the tenant." *Richardson's Notes on Real Actions, ch.* 4.

An estate for years can not be demanded in a plea of land, and as to an estate for life, a demandant can recover, accord-ing to his title, although he demand a greater estate.    The sug-

gestion from the court that the tenant was left in ignorance by this summons, whether an estate in fee simple, for life, or for years was demanded, is therefore not applicable. Besides, the plea does not state as a variance our omission of the estate, of which we allege our seizin. *Jackson on Real Actions.*

The second variance shown is, that the summons does not allege that the tenants, *in any manner*, disseized the demandants. Should the summons have stated in *what* manner the tenant disseized? If not, the variance shewn is immaterial.

*Goodall & Morrison,* for the defendant.

Parker, C. J. The statute of January 2, 1829, which is applicable to this case, enacts, among other things, that the summons shall set forth the sum in the note or bond declared on, &c., and "shall briefly give the same information to the defendant, which the declaration gives more at large, and shall contain the substance thereof;" otherwise the writ shall abate. *N. H. Laws* (*Ed.* 1830) 92. Whether this is a wise provision or not, it does not belong to us to determine. It is sufficient that the language of the statute is imperative; to which it might be added, that the legislature have seen fit to adhere to the policy of it, notwithstanding an attempt to procure a change mitigating its rigor. The only question for our consideration is, whether the summons is within its provisions; and we are clear that it is not. It does not give to the defendant information whether the plaintiffs claim on their own seizin, or that of their intestate; nor whether the seizin upon which they count is in fee or freehold, or even for a term, and this is certainly material information relative to the cause of action stated in the writ. It is said that the plea does not allege as a variance the omission to state the estate demanded; but we need not inquire whether this is or is not substantially alleged, as the omission to state whether the demandants, who sue as administrators, counted

upon their own seizin personally or as administrators, or upon the seizin of the intestate, must be held fatal.   6 *N. H. Rep.* 160, *Stoddard* vs. *Cockran ;* 8 *N. H. Rep.* 542, *Knowles* vs. *Rowell.*

*Writ abated.*