## SMITH *v.* BUTLER.

The abbreviation " *vs.*" and the word " *versus* " are properly used, instead of the word " against," in giving the title of actions. They are, in legal practice, so far English words as not to be contrary to the statute requiring all writs and pleadings to be in the English language.

The letters " L. S." are a proper representation of a seal, in copying or enrolling legal precepts.

A plea in abatement, enrolling a summons, contained an allegation that it was enrolled in the " words " following, and the enrolment showed "words, figures and letters,"—*Held*, that the allegation was sufficient.

Where the declaration contained four counts, and the summons left with the defendant only two,—*Held*, that it did not give to the defendant the same information which the declaration gave more at large, nor contain the substance thereof, and that the action must abate.

ASSUMPSIT. The declaration contained four counts. The summons left with the defendant contained only two counts. The defendant filed a plea in abatement for variance between the writ and summons.

The plea was entitled as follows:

" Court of Common Pleas, August Term, A. D. 1852."
Strafford, ss.

Timothy Smith *vs.* Ephraim K. Butler."

In the plea, the defendant craved oyer of the writ, declaration and officer's return, and set them out at length; and then prayed that the summons might be enrolled, and enrolled it "in the words following," setting out the summons at length, which contained "words, figures and letters;" and in place of the seal on the original summons, were put the letters " L. S." in the enrolment.

The plaintiff demurred generally, and with his demurrer filed the original summons in the action, without praying for a re-enrolment. The demurrer was joined by the defendant.

*Soule*, for the plaintiff.

We contend, first, that the plea is not in the English language, as is required by the Revised Statutes. The caption of the plea is a part of the plea, and as great certainty and particularity are required in that as in any other part of it. The abbreviation " *vs.*" for the Latin word " *versus*," is not sufficient. The defendant should have written out the word " against." This, it is contended, to a plea in abatement, where the highest degree of certainty is required, is a fatal exception.

2. In enrolling the summons, the defendant, professing to set out words merely, has set out figures and letters also. This is bad.

3. The " L. S." is not a sufficient setting out of the seal on the original summons. The word " seal " should have been written out, or an exact copy of the seal attached. If the original summons is brought to the notice of the court, and is made a part of the record, any defect in the enrolment may be taken advantage of. The defendant makes profert of it in his plea. It is produced in court, and filed with the plaintiff's demurrer. All the purposes of a re-enrolment are answered, and the court will take notice of it. The doctrine would seem to be that the court only wish to

Smith *v.* Butler.

have the summons before them in some way.  *Nelson* v. *Swett*, 4 N. H. Rep. 256.

4.  The allegation in the plea, " that the said summons does not contain the substance of the plaintiff's writ," is not the proper form of pleading.  The statute does not require the substance of the writ to be stated in the summons.

*Christie & Kingman*, for the defendant.

EASTMAN, J.  This summons was bad.  It did not give to the defendant the same information which the declaration gives more at large, nor contain the substance thereof. Rev. Stat. ch. 183, § 4.

The defect was a substantial one.  The writ contained four counts, and the summons but two.  The defendant might have been willing to let judgment pass against him upon the two counts specified in the summons, while at the same time he might have had a valid defence to the other two not specified.  And to hold such a summons good, would be to put it in the power of a plaintiff to obtain a judgment against a defendant, in case he should not appear, upon a cause of action of which he had no notice.

But the demurrer raises two or three questions upon the sufficiency of the plea in abatement, which we will consider.

It is said in the argument that the plea is not wholly in the English language; that " *vs.* " stands for " *versus*," and that " *versus* " is not an English word; that the plea should have been entitled Smith *against* Butler.  But " *vs.*" and " *versus* " have been too long used in legal practice, and their meaning is too well understood, to be open to the objection stated.  They have, in fact, become engrafted upon the English language, at least so far as they are used in this country in legal proceedings.  Their meaning is well understood, and their use quite as appropriate as the word " against " could be.

The position in regard to the copy of the seal is also untenable. In copying a writ or summons, the *fac simile* of a seal cannot well be made, and to do it would require more skill than pertains to the profession generally. By long usage and the general understanding of legal writers, " L. S." is regarded as the true representation of a seal, in a copy of all legal precepts. If the word " seal" were written in the place of the seal, on the writ or summons, it would not be a true copy, for no such writing is upon the writ or summons. Whether we might receive that as a sufficient representation, is not necessary to say; but we have no hesitancy in deciding that the letters " L. S." are the proper designation and copy of the seal.

Another exception is, that the plea is not sufficiently certain; that it should have been stated in the " words, figures and letters" following, instead of simply saying the " words" following.

The court do not ordinarily regard pleas in abatement with much favor, and when any error occurs in the enrolment of the writ or summons, we hold the plea bad on general demurrer. But the defect here alleged is not of that character. No exception is taken to the enrolment. And the allegation in the plea is in accordance with the general forms in such cases, and we think sufficient. Bell's Jus. & Sher. 95; Story's Plead. 117; *Nelson* v. *Swett,* 4 N. H. Rep. 256.

The last point raised by the argument is not embraced in the case. But, probably, if it was, it would not avail. *Lyman* v. *Dodge,* 13 N. H. Rep. 198.

*Judgment for the defendants.*