## DINSMORE *v.* PENDEXTER.

A plea in abatement for an alleged variance between the declaration and the summons, must set out the writ, declaration and officer's return, and also enrol the summons.

TRESPASS *quære clausum fregit.* The writ was capias and attachment. The defendants, having prayed oyer thereof and enrolled the summons delivered to them respectively, prayed judgment of the writ, " and that it may be abated, because, they say, that the summons aforesaid, delivered to them by the officer who served said writ, when their goods were attached at the plaintiff's suit, did not give to the defendants the same information which the declaration gives more at large, nor contain the substance thereof, in this, to wit: for that in and by said writ and declaration in

the first count therein, the close is therein described as bounded on the south by land of John M. Brown, on the north by land of Daniel Pendexter, on the east by the intervale bank, and on the west by the Saco river. And in the first count in the said summons it is stated that said close is bounded as set forth in the writ of attachment, and this," &c.

The plaintiff craved oyer of the summonses and had oyer of the summons enrolled.

The defendants thereupon counterplead that the plaintiff ought not to have oyer of any summons other than the one enrolled, and of which he has oyer as aforesaid, because, he says, in substance, that the officer serving the writ did, July 24, 1852, give to one of the defendants said summons enrolled, and afterwards, on the same day, by the consent of said defendant, took back said summons, and delivered it to the other defendant, and that no other summons was served on either defendant, and this, &c. Wherefore they pray judgment, if the plaintiff is entitled to have oyer of any summons other than said summons enrolled, and of which he has oyer, &c.

To this the plaintiff demurs specially.

*Hobbs*, for the defendant.

I. The defendants have a right to allege as matter of fact that oyer of a second summons should not be demanded; that there was but one, in fact, left with both defendants. Steph. on Plead. 94, ed. of 1824; *Jevens* v. *Harridge*, 1 Saund. 98, n. 1; *Lounguevill* v. *Thistleworth*, 2 Lord Raym. 968; *S. C.*, 2 Salk. 498; *S. C.*, 6 Mod. 27.

II. Oyer is in the nature of a plea, which is to be entered upon the record. 1 Chit. on Plead. 432; *Jevens* v. *Harridge*, 1 Saund. 9, n. 1.

III. The defendants here have counterpleaded.

IV. The defendants, in their counterplea, allege that the

officer gave each of them the summons, and thus do not contradict his return.

V. The counterplea is not in answer to the writ, but is in the nature of a replication in answer to the oyer, and prays judgment of the oyer.

*Perley*, for the plaintiff.

Here is no return of the officer by which the court can see how the writ was served. It might have been served by arrest.

By making profert of a summons served on one defendant, and a summons served upon the other, and by their plea, the defendants say that two summonses were left. By their counterplea, they deny that more than one was left.

It is not necessary to describe the land in the summons more fully than it was described. The substance of the writ was set out in the summons.

The oyer of the summons is the right of the plaintiff.

If the summons was given to one of the defendants, and taken back, it could only amount to a parol acknowledgment of service.

WOODS, J. The plea, in this case, alleges a variance between the declaration contained in the writ and the cause of action set forth in the summons, because the summons did not give to the defendants the same information which the declaration gave more at large, nor contain the substance thereof.

Chapter 183, sections 3 and 4, of the Revised Statutes provides that " when the goods or estate of any person shall be attached, a summons, in form prescribed by law, shall be delivered to the defendant, or left at his usual place of abode, with the name and office of the officer serving the same indorsed thereon." And that each summons, among other things, " shall in all cases briefly give to the defendant the

Dinsmore *v.* Pendexter.

same information which the declaration gives more at large, and shall contain the substance thereof."

These provisions are the same with those contained in the act of February 9, 1791, which remained in force till the passing of the Revised Statutes, and nearly in the same words.

In *Nelson* v. *Swett*, decided in this court in 1827, and reported in 4 N. H. Rep. 256, *Richardson*, C. J., after reciting that part of the statute of 1791, remarks thus: " Soon after the time when original jurisdiction was first given to this court, in 1818, our attention was called to the subject of pleas in abatement, founded on the paragraph lastly above cited, for a variance between the declaration and the summons, and we decided that in such cases the defendant should crave oyer of the writ, declaration and officer's return, and set them out at large, and also enrol the summons. To that decision we have ever since adhered, and still think it correct."

The decision referred to and confirmed by the court in *Nelson* v. *Swett*, is decisive of the present case, if sound law. We are not aware that it has ever been overruled or questioned.

In the present case, the officer's return is not set out in the plea, and for that reason the plea is bad. We need not inquire whether there is any such variance as is alleged. The defendant must

*Answer further.*