## PITMAN *v.* PERKINS.

A plea in abatement may crave oyer of the writ, declaration and return, in one paragraph, and need not contain a separate prayer for each.

A writ contained a count for money had and received, but the defendant was summoned to answer to the plaintiff for not paying him for money paid. *Held,* that the summons did not contain the substance of the declaration, and that it was good cause to abate the writ.

ASSUMPSIT. The declaration contained a count for money had and received. The defendant was summoned to answer to the plaintiff for not paying him a certain sum for money paid and laid out. The defendant pleaded in abatement, because the summons did not contain the sub-

stance of the plaintiff's writ, in not requiring him to answer to the plaintiff for not paying him for money had and received by the defendant. To this plea the plaintiff demurred, for the cause, among others, that the defendant craved oyer of the writ, declaration and return, in one and the same paragraph.

*Burns & Fletcher*, for the plaintiff.

Any defect in a plea of abatement, even in matters of form, is fatal on general demurrer. *Clark* v. *Brown*, 6 N. H. Rep. 434.

Pleas in abatement are entitled to no particular favor because they ask to dispose of suits on grounds unconnected with their merits, and so strict is the law in regard to pleas of this character, that the slightest deviation, even in matters of form, is a fatal defect. Thus, praying judgment that the writ may be quashed, instead of praying judgment that the writ may be abated, is bad and demurrable. *Clark* v. *Brown*, 6 N. H. Rep. 434.

No reason can be assigned for the distinction only that the forms are established and must be adhered to.

In the case at bar, the defendant craved oyer of the writ, declaration and officer's return, in one and the same paragraph. This, we say, is a deviation from the ancient forms.

The defendant should have craved oyer of the writ and declaration, and enrolled the whole; he should then have craved oyer of the return, and enrolled it; he should then have made profert of the summons, and prayed that it might be enrolled, &c. See the correct form in *Lyman* v. *Dodge*, 13 N. H. Rep. 198.

In pleas of this kind, where it is well settled that the greatest precision is necessary, it would seem that it should point out minutely and distinctly where the writ begins and ends, and the same in regard to the officer's returns, and the summons being immediately preceded by craving oyer of each, and that any other course, in the language of Chief

Justice *Richardson*, would be loose and slovenly, and not a legitimate ground on which to establish a form of pleading. *Pike* v. *Bagley*, 4 N. H. Rep. 76.

*J. W. & G. C. Williams*, for the defendant.

Several causes were assigned in the demurrer, and it is supposed will be taken in the argument here, which may be arranged substantially, as follows:

I. That the variance alleged between the writ and the summons is not substantial.

This position seems entirely untenable, and to require no answer.

A count for money had and received is a very different thing from a count for money paid, &c.

What may be recovered under one but not under the other is defined, and can be found everywhere in the elementary books. The defendant may well expect to meet very different causes of action from the information given in the summons from what he actually finds declared for in the writ; the summons does not, therefore, give him the same information which the declaration gives more at large.

II. That the summons is called a *writ* of summons in the prayers for enrolment.

A *writ* is defined " In general as the king's precept in writing, under seal, commanding something to be done, touching a suit or action, or giving commission to have it done." Terms de la ley, 1 Inst. 73.

" Of writs there are divers kinds in many respects." So the Rev. Stat. chap. 182, § 10, says, " the forms of writs shall be in substance as follows," and goes on and gives among them the form of summons, not distinguishing them from any other writs by any peculiar name. Judge *Bell*, in his form No. 312, Justice and Sheriff, makes use of the same expression, in a plea of this kind.

The expression is the precisely proper one. But if it were not, it cannot be objected in this case, for though called

a *writ of summons*, the paper itself is produced in court, is also enrolled, and the court have it in their observation what it really is.

It is said in *Tucker* v. *Perley*, 5 N. H. Rep. 345, that there is no settled form in which a defendant must pray an enrolment. There must be something tantamount to a profert, &c.

This is done here, and enrolled, and the court see by inspection that it is the summons served upon the defendant when his goods were attached; more than this, immediately after, when praying judgment, the defendant calls it the summons aforesaid. So it is all the way through the plea afterwards spoken of.

III. That the plea craves oyer of the writ, declaration and officer's return, in one sentence, and they being read to him, it is not noted specially where one ends and the other begins.

We are aware of no reason for a prayer of oyer, *first*, of the declaration and setting it out, then of the return and setting it out.

The rule laid down in *Nelson* v. *Swett*, 4 N. H. Rep. 257, is simply "That the defendant should crave oyer of the writ, declaration and officer's return, and set this out at large, and also enrol the summons;" and we are aware of no more distinct rule than this, or that it has at all been varied. The natural inference certainly is, from the expression of the court, that the declaration and return would be enrolled by themselves, and the summons by itself.

We think such has been the practice in most cases, and judge that it was so in *Tucker* v. *Perley*, 5 N. H. Rep. 345, where it is said the defendant craved oyer of the writ and return of the sheriff, and had it, as in *Stoddard* v. *Cochran*, 6 N. H. Rep. 160; *Knowles* v. *Rowell*, 8 N. H. Rep. 542.

IV. The fourth objection is that the plea is argumentative, objectionable for duplicity, &c.

The plea alleges that by the writ the defendant is required

to answer A. but not B., but that the summons requires him to answer B. but not A. The plea seems to be wholly within the decision of *Dyke* v. *Percival*, 14 N. H. Rep. 578. It states, in the language of the writ, just what the declaration contains, which the summons does not, and what it does not contain, which the summons does. The fact that the declaration contains (A.) which the summons does not, is a sufficient cause of abatement; that it does not contain (B.) which the summons does, shows no more. The objection to the closing expression of the plea, "nor any other sum had and received," is within the decision of *Wendell* v. *Moulton*, 14 N. H. Rep. 574.

The court have sufficiently and frequently remarked heretofore upon arguments used as to the propriety of pleas in abatement, and the manner they should be treated by courts in their construction. *Lyman* v. *Dodge*, 13 N. H. Rep. 200.

The court will not apply different rules of logic or grammar because they are *pleas in abatement.*

GILCHRIST, C. J. The first question to be considered is, whether there is any defect in the plea. The exception taken by the demurrer is, that the plea craves oyer of the writ, declaration and return, in one paragraph.

In the case of *Nelson* v. *Swett*, 4 N. H. Rep. 256, it is stated that the defendant having craved oyer of the writ and declaration, prayed, &c. In *Tucker* v. *Perley*, 5 N. H. Rep. 345, the defendant "craved oyer of the writ and return," and also in *Stoddard* v. *Cochran*, 6 N. H. Rep. 160, and in *Knowles* v. *Rowell*, 8 N. H. Rep. 542. In the present case the defendant craves oyer of the "writ and declaration," and this form seems to be fully authorized by the precedents.

The question then arises, whether the matter stated is sufficient to abate the writ. The summons must contain the substance of the writ. The writ is for money had and received, while the summons mentions only a count for

money paid. Here, then, there is an omission of the substance of the writ, and therefore there must be judgment for the defendant. It becomes unnecessary to determine the other points stated in the argument.

*Writ abated.*